02-12-608-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00608-CR

 

 


 
 
 Eric
 James Tomchik, Jr.
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (1096754D)
  
 January
 31, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00608-CR

 

 


 
 
 Eric James Tomchik, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Pursuant
to a plea bargain, Appellant Eric James Tomchik Jr. pled guilty to indecency
with a child by contact, and the trial court convicted him and sentenced him to
fourteen years’ confinement.  The trial court imposed the sentence on October
24, 2008.  Appellant did not file a motion for new trial, so his notice of
appeal was due November 24, 2008.[2] 
But the notice of appeal was not filed until November 30, 2012; thus, it was
untimely.

Accordingly,
we informed Appellant by letter on December 14, 2012, that this appeal was
subject to dismissal unless he or any party desiring to continue the appeal
filed a response showing grounds for appeal.  Appellant filed a response, but
it does not provide grounds for continuing this appeal.

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.[3] 
The Texas Court of Criminal Appeals has expressly held that, without a timely
filed notice of appeal or motion for extension of time, this court cannot
exercise jurisdiction over an appeal.[4] 
Because Appellant’s notice of appeal was untimely filed, we dismiss this case
for want of jurisdiction.[5]

 

PER CURIAM

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
26.2(a)(1).





[3]See Tex. R. App. P. 26.2(a)(2); Castillo v. State,
369 S.W.3d 196, 198 (Tex. Crim. App. 2012).





[4]Castillo, 369 S.W.3d at 198; Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).





[5]See Tex. R. App. P.
26.2(a)(1), 43.2(f).